UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BECKY LUSIGNAN                         :
DAVID WEISENBURGER                     :
                                       :
          v.                           :    C.A. No. 09-402S
                                       :
LA CASA DEVELOPMENT CORP.,             :
et. al.                                :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On September 1, 2009, Plaintiffs Becky Lusignan and David Weisenburger filed a Complaint seeking an "Emergency Stay" of a matter pending in the Rhode Island District Court, 4th Division. (Document No. 1). Plaintiffs' Complaint was accompanied by their Applications to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Documents No. 2 and 3). After reviewing Plaintiffs' Applications to Proceed IFP, this Court concludes that they are each unable to pay fees and costs in this matter and thus, their Applications to Proceed IFP (Documents No. 2 and 3) are GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiffs' Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiffs' Complaint be DISMISSED because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

On March 31, 2009, Plaintiff Lusignan filed an "Appeal" seeking this Court's review of final decisions by the Rhode Island Superior Court, Washington County (WD-2008-0525) and the Rhode Island District Court, 4th Division (C.A. No. 04-08-08).  See Lusignan v. La Casa Development Corp., C.A. No. 09-156S.  The Court recommended that Lusignan's claims in that matter be dismissed, the District Court accepted the recommendation, and Lusignan has appealed to the First Circuit Court of Appeals.  Her appeal is pending.

The facts alleged in this case are a continuation of the facts and issues raised in Lusignan's first "Appeal" to this Court.  In this action, however, David Weisenburger is an additional Plaintiff. Weisenburger and Lusignan are apparently roommates.  In a nutshell, Lusignan has been residing in a HUD funded Section 8 elderly apartment complex, La Casa Apartments, limited to primary tenants who are at least sixty-two years of age and who meet the income eligibility requirements.  In 2007, Lusignan was apparently living with William Greco, one of La Casa's tenants, and, in 2008, accused him of sexual assault.  Lusignan sought to have Greco removed from the apartment by way of a state court "no-contact" order.  Since Lusignan was not independently eligible for an apartment at that complex, the landlord successfully sought modification of the no-contact order to allow Greco, not Lusignan, to stay in the apartment.  At some point thereafter, Lusignan moved into another apartment at La Casa with Weisenburger.  The landlord then commenced a state court eviction proceeding as to Weisenburger because it claimed Lusignan was an unauthorized occupant or subtenant in violation of his lease.  On July 20, 2009, the landlord and Weisenburger entered into a stipulation signed by State District Court Judge William Clifton (Document No. 1-3 at 57-59) which entered judgment for possession of Weisenburger's apartment in favor of the landlord but stayed execution through August 31, 2009.  Further, the stipulation provided that the judgment would be vacated if Lusignan exited Weisenburger's apartment by August 31, 2009.  If she did not, the landlord was entitled to execute on

its judgment for possession against Weisenburger. Lusignan and Weisenburger initiated this lawsuit on September 1, 2009, to stay the execution of that state court eviction judgment.

In both this case, and Plaintiff Lusignan's earlier case, the claims are that Plaintiffs will be evicted from their apartment and rendered homeless if this Court does not accept the action and reverse the State Court's decisions. Similarly, in both actions, Plaintiff Lusignan alleges that she is a victim of domestic violence and is entitled to relief under a federal statute, the Violence Against Women Act. In the present case, Plaintiff Weisenburger also claims he is entitled to relief under the Violence Against Women Act. The only relief sought by Plaintiffs in the current action is a stay of any state court action concerning their eviction.

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that the Plaintiffs' case be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiffs' Complaint as true, and drawn all reasonable inferences in their favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiffs' allegations and legal claims since they have been put forth by *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiffs' case, the Court lacks subject matter jurisdiction over the claims set forth by the Plaintiffs.

As this Court noted in its previous Report & Recommendation (Document No. 5 in C.A. No. 09-156S), the Rooker-Feldman doctrine precludes the Court's review of this matter. In the federal system, only the United States Supreme Court arguably would have jurisdiction to review a case that was litigated and decided in the state court and to correct state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). The Rooker-Feldman doctrine limits federal court jurisdiction over cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, the Rooker-Feldman doctrine precludes this Court from adjudicating Plaintiffs' claim in this case which seeks an emergency stay of the execution of a state court judgment.

Morever, the previous case filed by Lusignan is currently on appeal before the First Circuit Court of Appeals. The present case involves the exact same issue and merely seeks a stay of the matters in state court until "case no. 09-1798 is heard in Supreme Court...." (Document No. 1 at 3).

The Court of Appeals assigned Lusignan's appeal No. 09-1798. Because that case is presently pending in the Court of Appeals, this Court is divested of jurisdiction, and Lusignan would have to seek any interim or extraordinary relief pending decision on her appeal from the Court of Appeals and not this Court. See United States v. Brooks, 145 F.3d 446, 455-456 (1st Cir. 1998).

Having reviewed the Complaint and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiffs' Complaint (Document No. 1) be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In view of the Court's recommendation that Plaintiffs' Complaint be dismissed, I also recommend that Plaintiffs' Motion to Stay (Document No. 4) be DENIED as moot. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 4, 2009